STATE OF NORTH CAROLINA v. JAKE EDWARD PLOWDEN

No. 833SC261

(Filed 6 December 1983)

1. **Criminal Law § 66.16— in-court identification not tainted by photographic identification—sufficiency of evidence**

   The trial court properly determined that a rape victim's in-court identification of defendant was not tainted by a pretrial photographic identification and was admissible in evidence where the court found upon supporting evidence that the victim was first awakened by defendant in a well-lighted room where she observed defendant at close range; she was forced into another well-lighted room where she was able to observe defendant before and during the rape; her attention was focused almost exclusively on defendant for over seven minutes of the fifteen minutes he was in her presence; shortly after the assault she accurately described several major features of defendant's appearance; the day after the crime she selected defendant's photograph from two stacks of photographs within eight to twelve seconds; and her identification at trial was based on her personal observation of defendant's features on the night of the crime, was unequivocal and was not suggested by the photographs.

2. **Criminal Law § 61— non-expert testimony concerning shoe print**

   The trial court properly admitted testimony by a non-expert witness concerning the similarity of defendant's shoe sole and a shoe print found at the crime scene.

3. **Criminal Law § 116.1— instruction not comment on defendant's failure to testify**

   The trial court's instruction that "There was no evidence offered directly by the defendant, but there was a great deal of evidence elicited by way of cross-examination of the State's witnesses" did not constitute an improper comment on defendant's failure to testify, since the trial judge was merely reminding the jury to consider any evidence favorable to defendant that had been elicited on cross-examination.

4. **Criminal Law § 173— instructions—invited error**

   A party may not complain of an instruction given or omitted at his request.

APPEAL by defendant from *Reid, Judge.* Judgment entered 7 October 1982 in PITT County Superior Court. Heard in the Court of Appeals 14 November 1983.

Defendant was found guilty of second degree rape and first degree burglary. The State's evidence tended to show that defendant broke into the victim's apartment at night through a kitchen window. Defendant forced the victim into a bedroom and raped her. She then rushed to a neighbor's apartment for help. Later that night, two residents from the victim's apartment complex spotted defendant walking near the apartment. They summoned the police. Defendant was arrested on the basis of the victim's description of her assailant. The next day, the victim identified defendant in a photographic lineup as the man who raped her.

Defendant did not present evidence at the trial.

*Attorney General Edmisten, by Kaye R. Webb, Assistant Attorney General, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant first contends the trial court erred by not suppressing the victim's in-court identification of him. Defendant maintains that the identification resulted from an impermissibly suggestive photographic lineup rather than the victim's recollection from the night of the rape. The photographs of defendant indicated his height, as did the photographs of other people shown to the victim. The photographs also contained the date they were taken, and defendant's photographs were dated closer to the rape date than the others.

When the admissibility of an in-court identification is challenged on the grounds that it is tainted by an out-of-court identification made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appeal. *State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974).

The trial court must determine from the totality of the circumstances whether a pretrial photographic identification was impermissibly suggestive, and if so, whether it tainted the in-court identification. *State v. Clark*, 301 N.C. 176, 182-83, 270 S.E. 2d 425, 429 (1980). Reliability of an identification depends upon "(1) opportunity to view, (2) degree of attention, (3) accuracy of description, (4) level of certainty, (5) time between crime and confrontation." *Id.* at 183, *citing Neil v. Biggers*, 409 U.S. 188, 34 L.Ed. 2d 401, 93 S.Ct. 375 (1972).

The judge made detailed findings of fact including, in substance, the following. The victim was first awakened by defendant in a well-lighted room where she observed defendant at close range. She was then forced into another well-lighted room where she was able to observe defendant before and during the rape. Her attention was focused almost exclusively on defendant for over seven minutes of the fifteen minutes he was in her presence. Shortly after the assault she accurately described several major features of defendant's appearance. The day after the crime she selected defendant's photograph from two stacks of photographs within eight to twelve seconds. Her identification at trial was based on her personal observation of his features on the night of the crime, was unequivocal and was not suggested by the photographs. These findings of fact are supported by competent evidence and are, therefore, conclusive on appeal. The assignment of error is overruled.

[2] Defendant next contends that the trial court erred in admitting testimony of a non-expert witness concerning the similarity of defendant's shoe sole and a shoe print found at the crime scene. This contention lacks merit. Non-expert testimony about shoe prints is admissible. *State v. Jackson*, 302 N.C. 101, 107-109, 273 S.E. 2d 666, 671-72 (1981). The basis or circumstances behind a non-expert opinion on a shoe print do not affect the admissibility of the opinion; instead, they go to the weight of such evidence. *Id.*

[3] During the jury charge, immediately after the judge recapitulated so much of the State's evidence as was necessary to declare and explain the law thereon, the judge told the jury:

There was no evidence offered directly by the defendant, but there was a great deal of evidence elicited by way of

cross examination of the State's witnesses and you will consider that as you pass upon all of the evidence in this case.

Defendant, in essence, argues that the foregoing was an improper comment on defendant's failure to testify. We disagree. Obviously, the jury knew defendant had offered no evidence. The judge merely reminded the jury to consider any evidence favorable to defendant that had been elicited on cross examination.

[4] Defendant also argues that the statement was prejudicial because the judge did not add that defendant's failure to testify should not be considered as a basis for any inference adverse to him. The record discloses, however, that before the charge, defendant specifically requested the judge not to give the usual instruction on the failure of a defendant to testify. The record further discloses that after defendant indicated his dissatisfaction with the quoted part of the instruction, he expressly told the judge that he did want the judge to give an instruction to correct the alleged error. It is elemental that a party cannot invite an alleged error at trial and then complain of it on appeal. A party may not complain of an instruction given or omitted at his request. *Overton v. Overton*, 260 N.C. 139, 132 S.E. 2d 349 (1963).

No error.

Judges WELLS and JOHNSON concur.