STATE OF NORTH CAROLINA v. TERRIS LEE EDMONDSON

No. 838SC1076

(Filed 18 September 1984)

**1. Burglary and Unlawful Breakings § 1; Larceny § 1— felonious breaking or entering and felonious larceny—separate offenses**

    The crimes of felonious breaking or entering and felonious larceny are clearly separate and distinct crimes, neither one a lesser included offense of the other, so that defendant could properly be convicted of both.

**2. Criminal Law § 61.2— shoe prints—non-expert opinion evidence admissible**

    In a prosecution for felonious breaking or entering and felonious larceny, the trial court did not err in admitting opinion testimony by the investigating officers as to whether defendant's tennis shoes made the tracks present at the crime scene, since non-expert testimony about the similarities between shoes and shoe prints is admissible.

**3. Property § 4.2— damage to property—determination of amount**

    The trial court did not err in denying defendant's motions to dismiss the charge of wilful and wanton damage to desks, drawers, and cabinets in excess of $200, though there was no precise evidence as to the amount of the damages, since the jury, after hearing all the evidence and viewing photographs which showed extensive damage in the ransacked offices, could exercise their own reason, common sense, and knowledge acquired by their observation and experiences of everyday life to determine the amount of damages.

APPEAL by defendant from *Preston, Judge.* Judgment entered 14 April 1983 in Superior Court, LENOIR County. Heard in the Court of Appeals 21 August 1984.

In pertinent part, the State's evidence showed the following:

Defendant was apprehended in the warehouse of the Wickes Lumber Company during the early morning hours of 5 December 1982. Police officers responded to a burglar alarm and discovered a truck which had been crashed into the back wall of the company sales offices. The door had been forced open and the offices ransacked. In the adjoining warehouse, a forklift had been used to break open the double doors leading to the sales offices. A five gallon can of roofing compound had been run over by the forklift, spilling the compound on the floor. Tennis shoe tracks of the roofing compound went through the office.

Defendant was apprehended in the warehouse, wearing white tennis shoes partially covered with the roofing compound. Over defense counsel's objection, the police officers present at the scene testified that in their opinion, defendant's shoes made the tracks left in the offices. A search of the warehouse revealed a coat and a glove. Defendant stated that the coat belonged to him. A gold pocketknife was found in the coat pocket. Jack Pope, manager of Wickes Lumber's retail store, testified that the knife was his ten-year service award.

Mr. Pope estimated damages to the building at $3,881, including $3,400 to repair the outside wall, $385 to repair damage done by the forklift, and $96 to clean the floors. Repairing the alarm system would cost at least $280 and truck repairs totalled $2,869.62.

The defendant testified that he had followed someone he thought he knew into the lumber yard. There he discovered the truck and the open door. He denied ransacking the offices, touching the forklift, or taking the knife. He admitted entering the building when the police arrived. He further testified that he knew one of the arresting officers from a previous incident.

The jury found defendant guilty of felonious breaking or entering, felonious larceny, unauthorized use of a motor vehicle, wilful and wanton damage to real property, and two counts of wilful and wanton damage to personal property in excess of $200. The trial judge consolidated the charges for sentencing and imposed a sentence of ten years imprisonment.

*Attorney General Rufus L. Edmisten, by Associate Attorney Michael T. Mills, for the State.*

*Adam Stein, Appellate Defender, by Marc D. Towler, Assistant Public Defender, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in allowing the jury to convict him of both felonious breaking or entering, N.C. Gen. Stat. § 14-54(a) (1981), and felonious larceny pursuant to a breaking or entering, N.C. Gen. Stat. § 14-72(b) (1981). Defendant reasons that felonious breaking or entering is a lesser-in-

cluded offense of felonious larceny, and therefore that he cannot be convicted of and punished for both.

The test for determining whether one offense is a lesser-included offense of another so as to prevent conviction for both was set out by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

The use of the word "each" indicates that two crimes are separate and distinct only if *both* have a unique element or fact, one not shared with the other. If the elements of either crime are wholly contained in the other, then the two crimes are not distinct, and one is a lesser-included offense of the other.

In the case at bar, the proof of felonious larceny pursuant to a breaking or entering involves demonstrating that a larceny was committed pursuant to a violation of N.C. Gen. Stat. § 14-54. *See* N.C. Gen. Stat. § 14-72(b)(2) (1981). A violation of Section 14-54 thus would appear to be a statutorily-created element of the crime of felonious larceny, in addition to the common law elements of simple larceny.

Section 14-54 defines two crimes, felonious breaking or entering and misdemeanor breaking or entering. Under the plain language of the felonious larceny statute, the elements of *either* of these two crimes are also elements of felonious larceny. The State argues that an intent to commit a larceny or other felony, which is an element for felonious breaking or entering, is unnecessary as an element for felonious larceny. Therefore, the State argues, the felonious intent needed for felonious breaking or entering is an additional fact or element which makes it a crime separate and distinct from felonious larceny.

As noted above, the statute makes a violation of *either* felonious breaking or entering or misdemeanor breaking or entering an element of felonious larceny. At trial, the proof of intent to commit a larceny is generally not required for felonious larceny

pursuant to breaking or entering, but that is because it is assumed that proof of the felony proves an intent to commit the felony. The element of intent is merely merged into the completed crime.

Moreover, it makes no difference that the crime of felonious larceny has an element which is not an element of felonious breaking or entering. For one crime to be a lesser-included offense of another it does not have to contain all the elements of the other. Indeed, if this were true, then the two would be the same crime, not lesser and greater crimes.

The defense analogy to the merging of the underlying felony into a felony-murder conviction is apt, particularly since the underlying felony is a statutorily-created element of the felony-murder. *See State v. Thompson*, 280 N.C. 202, 215-16, 185 S.E. 2d 666, 675 (1972); N.C. Gen. Stat. § 14-17 (1981).

Another useful analogy is the United States Supreme Court's interpretation of the Federal Bank Robbery Act, 18 U.S.C. § 2113. The Court has found the crime of entering a bank with an intent to commit a bank robbery to be a lesser-included offense of bank robbery. *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403 (1957). The Court found that the mental element of entering with intent to commit a robbery merged into the completed crime when the robbery was carried out. *Prince*, 352 U.S. at 328. Further, it found that by creating in statute what appear to be two separate crimes, Congress did not intend to "pyramid sentences," but to provide a means of convicting persons who entered a bank to commit a robbery but who were frustrated before completing the crime. *Prince*, 352 U.S. at 328.

Would the same analysis not apply to the statute before us? Does the mental element of felonious breaking or entering not merge into felonious larceny? Is the felonious breaking or entering statute but a means to punish those who do not complete the crime, rather than to produce unfair punishment when they do?

These arguments have been rejected on at least two prior occasions by this Court. *State v. Smith*, 66 N.C. App. 570, --- S.E. 2d --- (1984); *State v. Downing*, 66 N.C. App. 686, 688, --- S.E. 2d --- (1984). The crimes of felonious breaking or entering and felonious larceny have been held to be "clearly separate and

distinct crimes, neither one a lesser included offense of the other." *State v. Smith, supra,* at 575. Although we feel there is considerable merit in the defendant's arguments, we feel compelled to follow our prior decisions and to hold that the defendant's conviction of both crimes was not error.

[2] Defendant contends that the trial court erred also in admitting, over defense counsel's objections, the non-expert opinion testimony given by the investigating officers as to whether defendant's tennis shoes made the tracks present at the crime scene. We find no merit in this contention. Non-expert testimony about the similarities between shoes and shoe prints is admissible. *State v. Jackson,* 302 N.C. 101, 107-09, 273 S.E. 2d 666, 671-72 (1981). The basis or circumstances behind a non-expert opinion affect only the weight of the evidence, not its admissibility. *Id.; see also State v. Plowden,* 65 N.C. App. 408, 410, 308 S.E. 2d 918, 919 (1983).

[3] Finally, defendant contends that the trial court erred in denying defendant's motions to dismiss the charge of wilful and wanton damage to the desks, drawers, and cabinets in excess of $200. He argues that there was no evidence presented as to the amount of damage done to the personal property. We find no error.

After hearing all the evidence, and viewing photographs that showed extensive damage in the ransacked offices, the jury found that the damage done to the personal property exceeded $200. While there may not have been any precise evidence as to the amount of these damages the jury was free to exercise their own reason, common sense and knowledge acquired by their observation and experiences of everyday life. 1 Brandis on North Carolina Evidence § 15 (2d rev. ed. 1982).

No error.

Judges WHICHARD and EAGLES concur.