STATE OF NORTH CAROLINA v. WALTER JACKSON, JR.

No. 8414SC656

(Filed 2 April 1985)

1. Assault and Battery § 14.6— assault on a law officer—sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for assault with a deadly weapon upon a law officer where it tended to show that defendant intentionally drove his truck toward a police officer and his patrol car while the officer was attempting to arrest defendant for numerous traffic violations, and that the officer was forced to take evasive action to avoid being struck in a collision.

2. Criminal Law § 66.20— admission of identification testimony—failure to make findings

The trial court did not err in the admission of photographic and in-court identification testimony without making findings of fact where the evidence on *voir dire* consisted only of the unrefuted testimony of State's witnesses and the State's evidence justified admissibility.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 23 February 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 March 1985.

Defendant was convicted of assault with a deadly weapon upon a law enforcement officer. G.S. 14-34.2.

The evidence at trial tended to show that Sgt. David Laeng of the Durham Public Safety Department was driving on routine patrol in the pre-dawn hours of 8 October 1983 when he observed a red "Road Commander" truck tractor proceeding along a city street without taillights. Sgt. Laeng turned on his blue lights and siren and attempted to stop the truck. The driver of the truck did not stop and increased the speed of the truck to 65 miles per hour in a 35 mile per hour zone. Sgt. Laeng testified that the truck stopped at a stop sign at the intersection with Highway 54. He drove around the truck and stopped his patrol car in the middle of Highway 54 a few feet in front of the truck across the truck's path. Sgt. Laeng observed that the truck was being driven by a black male in dark clothing.

As he was about to get out of his patrol car to approach the truck, Sgt. Laeng noticed that the truck was accelerating and moving toward his patrol car. Sgt. Laeng testified that he "threw the patrol car in gear" and moved it out of the way. He testified that he believed if the patrol car had not been moved, the oncoming truck would have pushed the patrol car off the road.

A chase then ensued from Durham into Wake County with officers of several law enforcement agencies participating. The truck eventually turned onto Interstate 40, going the wrong way towards oncoming traffic, and ran into an embankment. The driver of the truck ran from the scene. Two children, ages 5 and 3 years, were found in the truck.

Sgt. Laeng testified that he could not identify the driver of the truck.

James A. Gilbert, a civilian, was a passenger in one of the highway patrol cars participating in the chase through Durham and Wake Counties. On *voir dire*, Gilbert testified that the patrol car in which he was riding pulled alongside of the truck at about 75 miles per hour in an attempt to pass the truck. Gilbert testified that during this passing attempt he looked up at the truck driver who looked down at him for about 5 or 6 seconds. Gilbert was contacted about three weeks after the incident of 9 October to determine whether he could identify the truck driver. On 25

January 1984, State Highway Patrol Sgt. Raymond Isley displayed a group of photographs for Gilbert who selected defendant from the photographs and identified him as the truck driver. Gilbert also made an in-court identification of defendant.

John W. Johnson, a self-employed towing service operator, testified that on the night of the incident, he was called by police to tow the truck that had been involved in the chase. He towed the truck approximately a mile from where it had been wrecked and abandoned on I-40 and stopped to rotate two of the truck's tires for easier towing. Johnson testified that the tow truck's four floodlights were in operation while he was changing the two tires. He heard a noise, turned around and saw a person who was within "touching distance." Johnson shined his flashlight in the face of the person who he identified in court as defendant. Johnson testified that he had seen the defendant on prior occasions at Southern Truck  Sales in Durham where defendant's brother worked.

The identification testimony and pictures were allowed into evidence over objection. The jury returned a verdict of guilty to the charge of assault with a deadly weapon on a law enforcement officer. From a judgment imposing the presumptive term of two years imprisonment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney General Michael Smith, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender James A. Wynn, Jr., for defendant-appellant.*

EAGLES, Judge.

I

Defendant first assigns as error the trial court's denial of his motions to dismiss the charge of assault with a deadly weapon upon a law enforcement officer. We find no error.

It is well settled that upon a motion to dismiss in a criminal action, all the evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any con-

tradictions or discrepancies in the evidence are for the jury to resolve. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977). The trial court must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980). *See State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984).

[1] All the evidence at trial came from witnesses for the State. The evidence tended to show that defendant intentionally drove his truck toward Sgt. Laeng and his patrol car while he was performing a duty of his office, attempting to arrest defendant for numerous traffic violations. Sgt. Laeng was forced to take evasive action to avoid being struck in a collision. We note that a motor vehicle may be a deadly weapon if used in a dangerous and reckless manner. *State v. Coffey*, 43 N.C. App. 541, 259 S.E. 2d 356 (1979). Viewed in the light most favorable to the State, there was sufficient evidence from which a jury could conclude that defendant assaulted Sgt. Laeng with a deadly weapon while Sgt. Laeng was performing a duty of his office. G.S. 14-34.2.

II

[2] Defendant next assigns as error the admission into evidence of the out-of-court and in-court identification of defendant. We find no error.

The basis of defendant's assignment of error is the trial court's apparent summary ruling that identification testimony based on photographs and in-court testimony was admissible. The record does not disclose findings of fact or conclusions of law although the trial court, after ruling the evidence admissible, ordered the prosecutor to "draw an order, make the appropriate findings of fact [and] conclusions of law."

Generally, when the admissibility of an in-court identification is challenged on the grounds that it is tainted by an out-of-court identification made under constitutionally impermissible circumstances, the trial court must make findings of fact to determine whether the testimony meets the test of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appeal. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d

884 (1974); *State v. Plowden*, 65 N.C. App. 408, 308 S.E. 2d 918 (1983).

Here, the evidence consisted only of the unrefuted testimony of State's witnesses. The trial court allowed the identification testimony into evidence after *voir dire*, but findings of fact and conclusions of law as to the admissibility of the evidence do not appear of record. We note, however, that "[i]f there is no material conflict in the evidence on *voir dire*, it is not error to admit the challenged evidence without making specific findings of fact, although it is always the better practice to find all facts upon which the admissibility of the evidence depends. [Citations omitted.] In that event, the necessary findings are implied from the admission of the challenged evidence." *State v. Phillips*, 300 N.C. 678, 268 S.E. 2d 452 (1980). Here, defendant produced no evidence to refute the State's evidence and the State's evidence justified admissibility. Accordingly, it was not error for the trial court to admit the challenged identification evidence.

In the trial of this case we find no error. We have carefully examined the record and find defendant's remaining assignments of error to be without merit.

No error.

Judges ARNOLD and PARKER concur.