STROUD, Judge.
 

 *484
 
 Defendant appeals from his conviction of felony speeding to elude arrest and contends the trial court should have granted his motion to dismiss because the State failed to present sufficient evidence he caused over $1,000.00 worth of property damage. Even though the police officer was not testifying as an expert in estimating property damage, his lay opinion testimony, as well as the other evidence, is substantial evidence to survive defendant's motion to dismiss. In addition, both parties agree that defendant was sentenced at the wrong prior record level. We find no error in part and vacate and remand for resentencing at the correct record level.
 

 I. Background
 

 On the night of 9 June 2017, defendant drove to a friend's house and drank alcohol on the front porch with several people. Around 10:00 p.m. that night, Officer Revis of the Reidsville Police Department was investigating a stolen Chevrolet Tahoe that matched the description of the vehicle defendant was driving. When Officer Revis spotted the parked vehicle, he stopped nearby and called for backup. When defendant got into his vehicle, Officer Revis immediately activated his blue lights, but defendant failed to stop. A prolonged chase ensued and defendant sped up to 80 miles per hour within the city limits of Reidsville. Defendant's vehicle struck a guardrail, but defendant continued to flee. The chase continued out of Rockingham County and into two other counties. Defendant drove his car into a residential
 
 *314
 
 neighborhood near Burlington and drove up a driveway and through a house. Defendant's vehicle went through the bedroom while a woman was lying in her bed with her head less than a foot away from where the vehicle passed through the house. Defendant continued driving and damaged a shed behind the house and continued to flee. At this point, officers ended the chase to assist the occupants of the house that defendant hit.
 

 The following day, police went to the house where defendant had been drinking the night before and questioned defendant's friend and the friend's mother. While the police were present, defendant called this friend, who put the call on speakerphone. Defendant stated while on
 
 *485
 
 speakerphone, "Yeah, I got away from them motherf*****s[.]" Defendant was indicted for felony fleeing to elude arrest, reckless driving, and as a habitual felon. At trial, the State dismissed the reckless driving charge. The jury found defendant guilty of felony fleeing to elude arrest and defendant pled guilty to being a habitual felon. The trial court sentenced defendant, and defendant gave notice of appeal in open court.
 

 II. Motion to Dismiss
 

 Defendant argues that the State failed to present sufficient evidence that defendant caused property damage in excess of $1,000.00, one of the aggravating factors for the speeding to elude arrest charge to be a felony under
 
 N.C. Gen. Stat. § 20-141.5
 
 .
 

 [A] motion [to dismiss] presents a question of law and is reviewed
 
 de novo
 
 on appeal. The question for this Court is whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom.
 

 State v. Norton
 
 ,
 
 213 N.C. App. 75
 
 , 78,
 
 712 S.E.2d 387
 
 , 390 (2011) (citations and quotation marks omitted).
 

 Defendant was convicted of felony speeding to elude arrest which requires two or more aggravating factors:
 

 (a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.
 

 (b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.
 

 (1)
 
 Speeding in excess of 15 miles per hour over the legal speed limit.
 

 ....
 

 *486
 
 (4)
 
 Negligent driving leading to an accident causing:
 

 a. Property damage in excess of one thousand dollars ($1,000);
 
 or
 

 b. Personal injury.
 

 N.C. Gen. Stat. § 20-141.5
 
 (2017) (emphasis added).
 

 The State relied on
 
 N.C. Gen. Stat. § 20-141.5
 
 (b)(1) ("Speeding in excess of 15 miles per hour over the legal speed limit.") and (4)(a) ("Negligent driving leading to an accident causing: a. Property damage in excess of one thousand dollars ($1,000)[.]") as the aggravating factors to elevate defendant's charge to a felony. The only element challenged by defendant is whether the evidence is sufficient to show that the value of the property damage exceeds $1,000.00. Defendant does not allege insufficiency of the evidence regarding any other element of the crime.
 

 Defendant frames his issue on appeal as sufficiency of the evidence, but his argument focuses mostly on Officer Revis's qualification to give opinion testimony on the value of the property damages. He argues that "the only evidence presented by the State as to the value of the property damage resulting from the chase and collisions was Officer Revis's uncorroborated opinion testimony that the damage to the guardrail, the Tahoe, and the house and shed in Burlington exceeded $1,000."
 

 *315
 
 First, Officer Revis's testimony was not the "only evidence presented" of the property damage; the State also presented pictures and video showing the damaged property. But Officer Revis's testimony was the only evidence assigning any value to the damages. Defendant's argument fails to address that he did not object to Officer Revis's testimony, so he did not preserve the issue of Officer Revis's
 
 qualification
 
 to render an opinion on the value of the property damage, either as an expert or lay witness. Therefore, we consider only the sufficiency of the evidence showing damages in excess of $1,000.00.
 

 Defendant notes that "[t]he question of what and how much evidence is required to prove the value of damages to satisfy
 
 N.C. Gen. Stat. § 20-141.5
 
 (b)(4)(a) has not been addressed by our appellate courts." Defendant is correct. Most cases which address the evidence required to prove value of property, where the elements of the crime include a specific value, have been addressed under N.C. Gen Stat. § 14-72(a), which elevates misdemeanor larceny of goods to a felony charge when the value of the property stolen exceeds $1,000.00.
 
 N.C. Gen. Stat. § 14-72
 
 (a). In that context, this Court has stated:
 

 *487
 
 Value as used in
 
 N.C. Gen. Stat. § 14-72
 
 means fair market value. Stolen property's fair market value is the item's reasonable selling price at the time and place of the theft, and in the condition in which it was when stolen. It is not necessary that a witness be an expert in order to give his opinion as to value. A witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific real property, personal property, or services.
 

 State v. Redman
 
 ,
 
 224 N.C. App. 363
 
 , 366,
 
 736 S.E.2d 545
 
 , 549 (2012) (quotation marks, citations, and brackets omitted).
 

 Although cases addressing larceny of property with a fair market value over $1,000.00 are helpful, they are not directly analogous on the evidence required to show the value of "property damage." The issue of "Property damage in excess of one thousand dollars ($1,000)" is distinct from the fair market value of an item of property.
 
 See
 

 N.C. Gen. Stat. § 20-141.5
 
 (b)(4)(a). In cases under
 
 N.C. Gen. Stat. § 14-72
 
 (a), the value is based upon the fair market value of the property stolen since it has been entirely lost. In cases under
 
 N.C. Gen. Stat. § 20-141.5
 
 (b)(4)(a), the property has not been removed from its lawful owner; it has just been damaged, even if the damage is so severe as to destroy it.
 
 N.C. Gen. Stat. § 20-141.5
 
 (b)(4)(a) does not specify whether the $1,000.00 valuation of "property damage" is based upon the fair market value of the property in its damaged condition compared to its original condition or upon the cost to repair the damaged property. These values may differ. For example,
 
 N.C. Gen. Stat. § 14-72.8
 
 makes larceny of a motor vehicle part a Class I felony "if the
 
 cost of repairing
 
 the motor vehicle is one thousand dollars ($1,000) or more."
 
 N.C. Gen. Stat. § 14-72.8
 
 (2017) (emphasis added). Under this statute, it would appear that if a defendant removed a part worth $500.00 from a vehicle, but the cost to repair the vehicle by replacing the missing part would be over $1,000.00 because of the labor to install the new part, the larceny would be elevated to a Class I felony.
 
 [1]
 

 N.C. Gen. Stat. § 14-72.8
 
 expressly does not depend upon the fair market value of the car itself in its damaged condition as compared to its original condition or even just the value of the stolen part. The change in the fair market value of the car with the missing part from the value of the car in its original condition may be far less than $1,000.00, depending upon the original condition of the car and the part stolen.
 

 *488
 
 Another crime which includes an element of value of property damage is defined in
 
 N.C. Gen. Stat. § 14-160
 
 , regarding "willful and wanton injury to personal property." It elevates the crime to a Class 1 misdemeanor if the injury to the property causes "damage in an amount in excess of two hundred dollars ($200.00)."
 
 N.C. Gen. Stat. § 14-160
 
 (b). While other cases have addressed this issue tangentially,
 
 State v. Edmondson
 
 ,
 
 70 N.C. App. 426
 
 ,
 
 320 S.E.2d 315
 
 (1984),
 
 aff'd
 
 ,
 
 316 N.C. 187
 
 ,
 
 340 S.E.2d 110
 
 (1986), directly addressed the evidence needed to show the valuation of the damage to personal property
 
 *316
 
 in excess of $200 under this statute.
 
 [2]
 
 In
 
 Edmondson
 
 , the State presented testimony and photographs showing the damage to a lumber company's premises when
 

 a truck ... crashed into the back wall of the company sales offices. The door had been forced open and the offices ransacked. In the adjoining warehouse, a forklift had been used to break open the double doors leading to the sales offices. A five gallon can of roofing compound had been run over by the forklift, spilling the compound on the floor.
 

 Id.
 
 at 426,
 
 320 S.E.2d at 316
 
 . The defendant contended "there was no evidence presented as to the amount of damage done to the personal property[,]" but this Court determined the evidence to be sufficient to support property damages in excess of $200.00:
 

 After hearing all the evidence, and viewing photographs that showed extensive damage in the ransacked offices, the jury found that the damage done to the personal property exceeded $200. While there may not have been any precise evidence as to the amount of these damages the jury was free to exercise their own reason, common sense and knowledge acquired by their observation and experiences of everyday life.
 

 Id.
 

 at 430
 
 ,
 
 320 S.E.2d at 318
 
 (citation omitted).
 

 Since
 
 N.C. Gen. Stat. § 20-141.5
 
 does not specifically define how to determine the value of the "property damage," the value could be either the cost to repair the property damage or the decrease in value of the damaged property as a whole, depending upon the circumstances of the case.
 
 See
 

 N.C. Gen. Stat. § 20-141.5
 
 . Where the property is completely destroyed and has no value after the damage, the value of the property
 
 *489
 
 damage would likely be its fair market value in its original condition, since it is a total loss. But, in this case, we need not decide that issue, since defendant did not challenge the jury instructions, and the evidence was more than sufficient to support either interpretation of the amount of "property damage" caused by defendant.
 

 Defendant relies on
 
 State v. Rahaman
 
 ,
 
 202 N.C. App. 36
 
 ,
 
 688 S.E.2d 58
 
 (2010), to support his claim that "[t]here is no evidence in the record that Officer Revis had this specialized knowledge, or that Officer Revis was otherwise qualified to render an opinion as to the amount of the damage to the house, shed, and Tahoe." But defendant's reliance on
 
 Rahaman
 
 is misplaced. In
 
 Rahaman
 
 , the defendant objected to the police officer's lay opinion testimony regarding the value of stolen truck.
 
 Id.
 
 at 48,
 
 688 S.E.2d at 67
 
 . Here, defendant did not object to Officer Revis's testimony and has not argued plain error on appeal. On the sufficiency of the evidence, in
 
 Rahaman
 
 this Court noted that "[t]he State is not required to produce direct evidence of value to support the conclusion that the stolen property was worth over $1,000.00, provided that the jury is not left to speculate as to the value of the item."
 
 Id.
 
 at 47,
 
 688 S.E.2d at 66
 
 (citation, quotation marks, and ellipsis omitted). The Court held that the officer's testimony was properly admitted and noted that "the basis or circumstances behind a non-expert opinion affect only the weight of the evidence, not its admissibility."
 
 Id
 
 . at 49,
 
 688 S.E.2d at 67
 
 (citation and brackets omitted). The officer's testimony, along with the other evidence in
 
 Rahaman
 
 , was "sufficient to establish that the vehicle stolen was valued in excess of $1,000.00 at the time of the theft, and, therefore, the trial court did not err in denying defendant's motion to dismiss."
 
 Id.
 
 at 48,
 
 688 S.E.2d at 67
 
 .
 

 Here, Officer Revis testified without objection:
 

 We got towards N.C.-14 and North Scales Street, where the Defendant wrecked the vehicle into the guardrail causing damage to the guardrail; over a thousand dollars' worth of property damage, damaged the Tahoe, but decided to continue to keep fleeing from me while I was still behind him with siren and lights on trying to stop the vehicle.
 

 When asked directly "did [defendant] drive negligently in a manner that led to an accident causing property damage in the excess
 
 *317
 
 of $1,000?" Officer Revis responded, "Yes, sir." The State also introduced pictures of the damaged house and a video of the chase and published these to the jury. The testimony of Officer Revis and the photos and video are substantial evidence that a reasonable mind might accept as adequate
 
 *490
 
 to support the conclusion that defendant caused property damage in excess of $1,000.00, whether as a repair cost or as a reduction in fair market value of the damaged properties. Besides hitting the guardrail, defendant drove
 
 through
 
 a house and damaged a nearby shed. The jury could use common sense and knowledge from their "experiences of everyday life" to determine the damages from driving through a house alone would be in excess of $1,000.00.
 
 See
 

 Edmondson,
 

 70 N.C. App at 430
 
 ,
 
 320 S.E.2d at 318
 
 .
 

 III. Prior Record Level
 

 Defendant argues and the State concedes that the trial court erred in sentencing defendant at a prior record level of 4 when his correct prior record level is level 3. This error was prejudicial, so defendant is entitled to a new sentencing hearing.
 

 IV. Conclusion
 

 The trial court did not err in denying defendant's motion to dismiss, but we vacate and remand for a new sentencing hearing for defendant at prior record level 3.
 

 NO ERROR IN PART; VACATED IN PART AND REMANDED.
 

 Judges DILLON and BERGER concur.
 

 [1]
 

 No cases have addressed
 
 N.C. Gen. Stat. § 14-72.8
 
 .
 

 [2]
 

 State v. Edmondson
 
 does not specifically state that the defendant was charged under
 
 N.C. Gen. Stat. § 14-160
 
 , but this is evident from the description of the crime in the opinion.