STATE OF NORTH CAROLINA v. CHARLES BUFORD CALLAHAN

No. 8816SC893

(Filed 2 May 1989)

1. **Constitutional Law § 46— appointed counsel—denial of motion for new appointed counsel and for continuance to obtain retained counsel—no error**

    The trial court did not err in a prosecution for second degree sexual offense by denying defendant's motions for new appointed counsel and for a continuance to obtain retained counsel. Defendant never asserted ineffectiveness of counsel and the record shows that counsel for defendant rendered thoughtful, intelligent and professional representation. An indigent defendant has a fundamental right to appointed counsel but does not have the right to appointed counsel of his choice.

2. **Criminal Law § 98.3— restraint and removal of defendant—no error**

    The trial court did not err in a prosecution for second degree sexual offense by restraining and removing defendant from the courtroom where the restraint of defendant before the jury was quite brief and the record indicates that the judge stated for the record in the presence of defendant and his attorney but out of the presence of the jury the reasons for the restraint and gave defendant an opportunity to object; the court's final instructions to the jury included a charge not to consider defendant's restraint in weighing the evidence or in determining guilt or innocence; the trial judge warned defendant out of the presence of the jury that he would be removed from the courtroom if his disruptive behavior continued; the judge entered into the record his reasons for the

removal; and the court informed defendant that he could return to the courtroom upon his assurance of good behavior and that if he chose not to return, he would be given an opportunity to confer with his attorney. N.C.G.S. § 15A-1031, N.C.G.S. § 15A-1032.

**3. Criminal Law § 98.3— removal of defendant from courtroom— instructions—no error**

The trial court did not err in a prosecution for second degree sexual offense in which defendant was removed from the courtroom by instructing the jury on defendant's removal from the proceedings rather than his "absence from the courtroom." N.C.G.S. § 15A-1032(b)(2) requires the judge to instruct the jury that it is not to consider a defendant's removal in its deliberations.

APPEAL by defendant from *Helms (William H.), Judge.* Judgment entered 30 March 1988 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 21 March 1989.

Defendant was indicted for first degree rape, first degree sex offense and first degree kidnapping. He was found guilty by a jury of second degree rape, second degree sex offense and second degree kidnapping. On a previous appeal, the rape and kidnapping convictions were affirmed, but a new trial was ordered in the sex offense case. At the second trial, defendant was found guilty by a jury of second degree sex offense and sentenced to a twelve year term to run consecutively to the rape and kidnapping sentences. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Clarence J. DelForge, III, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

LEWIS, Judge.

On the afternoon before the case was set for trial, defendant asked for another appointed lawyer. He told the court there was a "lack of representing" and that he felt his present counsel was not capable of showing any interest in his case and could not help him. His motion for new appointed counsel was denied. The next morning before jury selection, defendant moved for a continuance

for three months so that he could employ private counsel. Appointed counsel stated he was prepared for trial, and the district attorney opposed the motion due to the witnesses who were present for trial that day. The trial court denied the motion for a continuance, and defendant began to shout and attempted to leave the courtroom. The trial judge ordered the officers to restrain defendant and return him to the courtroom. When he was returned to the courtroom, defendant began to shout and use profanity. The trial judge ordered that defendant be restrained during the trial and warned him that he would be removed from the courtroom if he continued to disrupt proceedings. The matters described above occurred in open court but in the absence of the jury.

When the jury venire returned to the courtroom, defendant again became disruptive. The court sent the jurors out of the courtroom and proceeded as follows:

THE COURT: Mr. Callahan. Mr. Callahan, you care to be present during the trial of this action or not?

Let the record indicate that the defendant has chosen to not address the Court. Fact is, he is looking away, staring at his attorney, while I'm addressing him; that he yelled at his lawyer at the time the jury came in, saying that he had nothing to say to his lawyer.

The Court finds that this defendant has wilfully (sic) chosen to disrupt the orderly proceedings of this Courtroom after being prior warned by the Court.

The Court finds that this trial cannot proceed in an orderly manner due to his disruptive conduct and, therefore, he is to be removed from the Courtroom during the trial of these proceedings.

The judge further informed defendant that he could return to the courtroom upon his assurance of good behavior. Defendant offered no assurance, and the judge directed his removal from the courtroom. Prior to jury selection, the judge instructed the jurors as follows:

I want to tell you at this time, you have probably noticed that the defendant has been removed from the Courtroom. I'm going to instruct all of you at this time that his removal is not to be considered by you in weighing the evidence in

this case, or in determining the issue of guilt or innocence of the defendant. So, you are not to let the fact that he's been removed have any affect on your consideration of the matters in this case whatsoever.

During the presentation of the State's case, defendant was brought back into the courtroom. In the presence of the jury, defendant said "No. I don't want to be tried. No." He was again removed and the judge instructed the jury that defendant had removed himself from the courtroom and that they were not to consider that fact in weighing the evidence or in determining guilt or innocence.

The trial proceeded after defendant's removal. The State's evidence tended to show that defendant entered the female victim's automobile with a knife and without invitation and forced her to drive him to a remote area. Defendant struck the victim with his fist and a flashlight, forcefully removed her clothing, and forced entry with his penis into her anal, vaginal and oral cavities. Medical and physical evidence was admitted. Defendant presented no evidence. The court's instructions to the jury included a charge on the jury's duty not to consider the defendant's restraint and removal from the courtroom in weighing the evidence or in determining guilt or innocence.

[1] Defendant assigns error to the denial of his motions for new appointed counsel and for a continuance to obtain retained counsel. It is a fundamental right that an indigent defendant have appointed counsel. However, such a defendant does not have the right to appointed counsel of his choice. *State v. Thacker*, 301 N.C. 348, 271 S.E. 2d 252 (1980). A defendant is entitled to have effective assistance but effectiveness is not an issue here. Defendant never asserted ineffectiveness of counsel at any time in the proceedings below or on appeal. Indeed, the record shows that far from being ineffective, counsel for defendant rendered thoughtful, intelligent and professional representation. Disagreement over trial tactics and communication problems generally do not make the assistance of counsel ineffective. *Id.* Our examination of the record leads us to conclude defendant had effective representation. Defendant's motions for other appointed counsel and for a continuance to seek retained counsel were properly denied.

[2] Defendant also assigns error to his restraint and removal from the courtroom. Defendant was entitled to a fair trial before an

STATE v. CALLAHAN

[93 N.C. App. 579 (1989)]

impartial jury which could hear the evidence, be instructed as to the applicable law and render a verdict. The judge must ensure that the courtroom provides the proper setting for these rights to be accorded.

Restraint of defendant before the jury was quite brief though he was removed for most of the trial. The trial judge followed G.S. 15A-1031 as to restraint of a defendant. G.S. 15A-1031 provides that a defendant may be restrained if "reasonably necessary to maintain order" provided the trial judge: enters his reasons for restraint into the record in the presence of defendant and his counsel but out of the presence of the jury; gives the defendant an opportunity to object; and instructs the jury not to consider the restraint in weighing the evidence. The record indicates the judge stated for the record in the presence of defendant and his attorney but out of the presence of the jury the reasons for the restraint and gave defendant an opportunity to object; the court's final instructions to the jury included a charge not to consider defendant's restraint in weighing the evidence or in determining guilt or innocence.

G.S. 15A-1032 governs removal of a disruptive defendant. That section provides:

(a) A trial judge, after warning a defendant whose conduct is disrupting his trial, may order the defendant removed from the trial if he continues conduct which is so disruptive that the trial cannot proceed in an orderly manner. When practicable, the judge's warning and order for removal must be issued out of the presence of the jury.

(b) If the judge orders a defendant removed from the courtroom, he must:

(1) Enter in the record the reasons for his action; and

(2) Instruct the jurors that the removal is not to be considered in weighing evidence or determining the issue of guilt.

A defendant removed from the courtroom must be given the opportunity of learning of the trial proceedings through his counsel at reasonable intervals as directed by the court and must be given opportunity to return to the courtroom during the trial upon assurance of his good behavior.

The trial judge did warn defendant out of the presence of the jury that he would be removed from the courtroom if his disruptive behavior continued. The judge also entered into the record his reasons for the removal. The court informed defendant that he could return to the courtroom upon his assurance of good behavior and that if he chose not to return he would be given an opportunity to confer with his attorney. We find no error in the trial court's decision to restrain defendant or to remove him from the courtroom.

[3] Defendant's next assignment of error is to the trial court's instructions on defendant's removal from the courtroom. Defendant contends the trial judge should have instructed on his "absence" from the courtroom rather than on his "removal" from the proceedings. We disagree. G.S. 15A-1032(b)(2) requires the judge to instruct the jury that it is not to consider a defendant's "removal" in its deliberation. We cannot say that the instructions prejudiced defendant in any way. This assignment of error is overruled.

Defendant's final assignment of error is to the denial of his motion for a mistrial. The grounds for this assignment of error are the same as those presented by the previous assignments of error. Having determined there was no prejudicial error in defendant's trial, we find no error in the court's refusal to grant a mistrial.

Having considered the entire record, we find defendant created the issues before this Court by his own behavior. The State's evidence, almost unchallenged, is overwhelming in indicating a brutal crime. Defendant received a fair trial, free of prejudicial error.

No error.

Judges ARNOLD and GREENE concur.