STATE OF NORTH CAROLINA v. JEFFREY JAMES GINYARD

No. 365A92

(Filed 2 July 1993)

1. **Homicide §§ 254, 257 (NCI4th) — murder — evidence of premeditation and deliberation — wounds — possession of weapon**

    There was sufficient substantial evidence of premeditation and deliberation to support the trial court's denial of the defendant's motion to dismiss at the conclusion of all of the evidence where evidence of the nature and number of the victim's wounds provides substantial evidence from which the jury could properly infer that defendant premeditated and deliberated before killing the victim, and the fact that defendant was carrying a knife was evidence tending to support an inference that he had anticipated a possible confrontation with the victim and that he had given some forethought to how he would resolve that confrontation.

    **Am Jur 2d, Homicide §§ 437 et seq.**

2. **Homicide § 528 (NCI4th) — murder — failure to charge on voluntary manslaughter — charged on first and second degree — conviction of first — harmless error**

    Any error in not instructing the jury on voluntary manslaughter was harmless where the trial court instructed the jury on first-degree murder and second-degree murder and the jury convicted defendant of first-degree murder.

    **Am Jur 2d, Homicide §§ 482 et seq.**

STATE v. GINYARD

[334 N.C. 155 (1993)]

**3. Appeal and Error § 147 (NCI4th)— murder—mistrial—motion not made at trial—not preserved for appellate review**

A defendant in a murder prosecution did not preserve for appellate review the issue of whether the trial judge erred by not declaring a mistrial as a result of the prosecutor's improper closing argument where the defendant did not make a motion for a mistrial. Moreover, the court instructed the jury to disregard the improper argument.

**Am Jur 2d, Appeal and Error §§ 545 et seq.**

**4. Criminal Law § 940 (NCI4th)— murder—appeal—motion for appropriate relief in trial court—denied**

The trial court correctly denied a murder defendant's motion for appropriate relief alleging ineffective assistance of counsel where defendant was convicted on 26 March, filed notice of appeal on that same day, and filed the motion on 10 August. Once defendant entered notice of appeal, the Superior Court no longer had jurisdiction and could not consider the defendant's motion for appropriate relief. N.C.G.S. § 15A-1415(b)(3); N.C.G.S. § 15A-1418(a).

**Am Jur 2d, Coram Nobis and Allied Statutory Remedies §§ 53 et seq.**

Appeal of right, pursuant to N.C.G.S. § 7A-27(a), from a judgment entered by Kirby, J., in the Superior Court, Buncombe County, on 26 March 1992. Heard in the Supreme Court on 14 April 1993.

*Michael F. Easley, Attorney General, by Mary Jill Ledford, Assistant Attorney General, for the State.*

*Dewitt W. Daniell for the defendant-appellant.*

MITCHELL, Justice.

The defendant, Jeffrey James Ginyard, was tried in a capital trial upon a proper bill of indictment charging him with murder. The jury found him guilty of first-degree murder. At a separate sentencing proceeding, pursuant to N.C.G.S. § 15A-2000, the jury recommended a sentence of life imprisonment. The trial court entered judgment accordingly. The defendant appealed to this Court as a matter of right.

The State's evidence introduced at trial tended to show, *inter alia*, the following. On 8 April 1991, at approximately 5:00 a.m., Gladys Brown and Earl Bowman returned to Brown's apartment at Hillcrest, a public housing project, and found Lewis Lytle waiting for them. The three of them entered the apartment, and Lytle used the telephone. Shortly thereafter, the defendant, Jeffrey James Ginyard, knocked on the door and asked Brown if she would tell Lytle that he would like to see him. Lytle went outside to speak with the defendant. Moments later, Brown heard a screeching sound outside. She looked out of a window and saw the defendant and Lytle engaged in a fist fight. In an attempt to stop the two men from fighting, Brown said, "you all stop before someone gets hurt." Brown testified that she saw both men glance at her, and then she saw "Jeff come from under his jacket with a knife and struck Lewis in his upper torso and Lewis grabbed the area and cringed." Lytle then started running, and the defendant followed him for a while, then ran behind another building.

At approximately 5:20 a.m., Tracy Clements heard a tapping on a bedroom window of his apartment in Hillcrest. Clements looked out of his window and saw Lytle, who was hurt and bleeding. Clements let Lytle into the apartment through the back door and took him into the kitchen. As he lay bleeding on the floor, Lytle said, "help me Tray, help me Tracy; they got me." Clements' girlfriend called 911 and, within fifteen minutes, an ambulance and paramedics arrived. Lytle was taken to a hospital where he died a short time later.

On 8 April 1991, Dr. Carl Biggers performed an autopsy on the body of the victim, Lewis Lytle. The autopsy revealed that Lytle had suffered the following wounds: (1) a cut on the left forearm, 2 centimeters in length; (2) a cut at the left armpit on the interior axillary fold which was 2.2 centimeters in length and 1.8 centimeters in width; (3) a wound in the lower abdomen described as an irregularity at the lower end of a surgical incision, beneath which there was a severed rib; and (4) a wound in the upper abdomen which was 2.2 centimeters in length, 10 centimeters in depth and had penetrated the victim's heart. Dr. Biggers testified that Lytle had died as a result of a loss of blood due to a stab wound to the left side of the heart.

The defendant's evidence presented at trial tended to show, *inter alia*, the following. The defendant presented Latonda Whitmire

as an alibi witness. Whitmire testified that she had spoken to the defendant at "Crankshaft's" home at Hillcrest at approximately 5:00 a.m. on 8 April 1991. Whitmire stated that she had conversed with the defendant while he was upstairs and she was downstairs. Whitmire went outside and waited for the defendant because he owed her husband some money. While waiting for the defendant, Whitmire heard the ambulance arrive to assist the victim, Lewis Lytle. The defendant also presented several witnesses in an effort to impeach the credibility of Gladys Brown.

Other evidence introduced at trial is discussed at other points in this opinion where pertinent to the issues raised by the defendant.

[1] By his first assignment of error, the defendant contends that the trial court erred in denying his motion to dismiss the first-degree murder charge at the conclusion of all of the evidence. Specifically, the defendant contends that the trial court erred by submitting the first-degree murder charge to the jury because the evidence introduced at trial would not support any reasonable finding that he intentionally killed the victim after premeditation and deliberation.

In ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each element of the offense charged. *E.g., State v. McPhail*, 329 N.C. 636, 406 S.E.2d 591 (1991); *State v. Nichols*, 321 N.C. 616, 365 S.E.2d 561 (1988). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *State v. Vause*, 328 N.C. 231, 400 S.E.2d 57 (1991); *State v. Smith*, 300 N.C. 71, 265 S.E.2d 164 (1980). In making its determination, the trial court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. *State v. Brown*, 310 N.C. 563, 313 S.E.2d 585 (1984).

Premeditation and deliberation are usually proved by circumstantial evidence because they are mental processes that ordinarily are not readily susceptible to proof by direct evidence. *State v. Richardson*, 328 N.C. 505, 402 S.E.2d 401 (1991). On many occasions, this Court has enumerated some of the circumstances which tend to support a proper inference of premeditation and deliberation. *See, e.g., State v. Thomas*, 332 N.C. 544, 423 S.E.2d 75 (1992); *State v. Hamlet*, 312 N.C. 162, 321 S.E.2d 837 (1984). Among these are at least two circumstances that are directly ap-

STATE v. GINYARD

[334 N.C. 155 (1993)]

plicable in this case: (1) the nature and number of the victim's wounds, and (2) the conduct and statements of the defendant before and after the killing.

Evidence of the nature and number of the victim's wounds in the present case provides substantial evidence from which the jury could properly infer that the defendant premeditated and deliberated before killing the victim. In *State v. Zuniga*, 320 N.C. 233, 357 S.E.2d 898, *cert. denied*, 484 U.S. 959, 98 L. Ed. 2d 384 (1987), we held that there was sufficient evidence from which the jury could properly have inferred premeditation and deliberation, where the evidence showed that the killing was accomplished by stabbing the victim through the neck, partially removing the knife, and then plunging it home again. In *State v. Fisher*, 318 N.C. 512, 350 S.E.2d 334 (1986), this Court held that there was sufficient evidence from which the jury could properly have inferred premeditation and deliberation where there were multiple stab wounds, including two wounds to the chest, one of which hit the deceased's heart. Similarly, the deceased in the present case suffered four stab wounds, including a wound to his upper abdomen which pierced his heart and a wound to his lower abdomen which severed a rib. This evidence is substantial evidence tending to show that the defendant premeditated and deliberated.

In addition, evidence of the defendant's actions before the killing was substantial evidence supporting a proper inference of premeditation and deliberation. In *State v. Fields*, 315 N.C. 191, 337 S.E.2d 518 (1991), we stated that evidence tending to show that the defendant was carrying a gun supported an inference that he had anticipated a possible confrontation and given some forethought to how he would deal with a confrontation. Similarly, in this case, the fact that the defendant was carrying a knife was evidence tending to support an inference that he had anticipated a possible confrontation with the victim and that he had given some forethought to how he would resolve that confrontation.

We conclude that there was sufficient substantial evidence of premeditation and deliberation to support the trial court's denial of the defendant's motion to dismiss at the conclusion of all of the evidence. The trial court did not err in permitting the jury to consider a possible verdict of first-degree murder based upon the theory that the defendant killed the victim after premeditation

and deliberation. Accordingly, this assignment of error is without merit.

[2] By his next assignment of error, the defendant contends that the trial court erred in denying his request to instruct the jury on a possible verdict of voluntary manslaughter. Instead, the trial court instructed the jury on possible verdicts finding the defendant guilty of first-degree murder, guilty of second-degree murder or not guilty.

When the jury is instructed on possible verdicts for first-degree murder and second-degree murder and the jury convicts on the basis of first-degree murder, any failure to instruct on a possible verdict for manslaughter cannot be harmful to the defendant. *State v. Young*, 324 N.C. 489, 380 S.E.2d 94 (1989); *State v. Freeman*, 275 N.C. 662, 170 S.E.2d 461 (1969). In the present case, the trial court instructed the jury on first-degree murder and second-degree murder, and the jury convicted the defendant of first-degree murder. Assuming *arguendo* that the trial court erred in failing to instruct on manslaughter, any error was harmless. Accordingly, this assignment of error is overruled.

[3] By his next assignment of error, the defendant contends that the trial court erred in failing to declare a mistrial as a result of the prosecutor's improper closing argument. The trial court sustained the defendant's objection to the prosecutor's argument in question and instructed the jury to disregard the argument. The defendant did not make a motion for a mistrial. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make. . . ." N.C. R. App. P. 10(b)(1). Since the defendant made no motion for a mistrial in the trial court, this issue is not properly before this Court. In any event, the trial court instructed the jury to disregard the improper argument, and the law assumes that the jury did so. *State v. Swann*, 322 N.C. 666, 370 S.E.2d 533 (1988); *State v. Walker*, 319 N.C. 651, 356 S.E.2d 344 (1987). This assignment of error is overruled.

[4] By his next assignment of error, the defendant contends that the trial court erred in denying his motion for appropriate relief, in which he alleged that he had been denied effective assistance of counsel in violation of his state and federal constitutional rights. The defendant was convicted of first-degree murder and sentenced

STATE v. GINYARD

[334 N.C. 155 (1993)]

to life imprisonment on 26 March 1992. On that same day, the defendant entered notice of appeal to this Court. On 10 August 1992, the defendant filed a motion for appropriate relief in the Superior Court, Buncombe County. This motion was denied by order of the Honorable C. Walter Allen, Superior Court Judge, on 14 August 1992.

Pursuant to N.C.G.S. § 15A-1415(b)(3), a defendant may make a motion for appropriate relief more than ten days after entry of judgment on the ground that he received ineffective assistance of counsel in violation of his state and federal constitutional rights. N.C.G.S. § 15A-1415(b)(3) (1988). However, "[w]hen a case is in the appellate division for review, a motion for appropriate relief based upon grounds set out in G.S. 15A-1415 must be made in the appellate division." N.C.G.S. § 15A-1418(a) (1988). In the present case, once the defendant entered notice of appeal to this Court on 26 March 1992, the Superior Court no longer had jurisdiction and could not consider the defendant's motion for appropriate relief. See id. Therefore, we affirm the trial court's denial of the defendant's motion for appropriate relief on jurisdictional grounds, without prejudice to the defendant's right to file a motion for appropriate relief in the Superior Court on this issue after this opinion has been filed and certified. Accordingly, this assignment of error is overruled.

No error.