STATE OF NORTH CAROLINA v. HORACE DARRELL MISENHEIMER

No. COA95-1243

(Filed 2 July 1996)

## Criminal Law § 1286 (NCI4th)— adjudication as habitual felon—different elements used to support underlying felony

Where defendant was convicted of habitual impaired driving and then adjudicated a habitual felon, and defendant did not argue nor did the record show that his prior record level was established by using convictions necessary to adjudge him a habitual felon, there was thus no violation of N.C.G.S. § 14-17.6 which prohibits a defendant's felony sentence from being enhanced on the ground that he is a habitual felon when elements necessary to prove that he is a habitual felon are the same as those elements which were used to support the underlying felony for which defendant is being sentenced.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 26-27.**

Appeal by defendant from judgment entered 1 August 1995 in Cabarrus County Superior Court by Judge Catherine C. Eagles. Heard in the Court of Appeals 4 June 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Linda M. Fox, for the State.*

*William D. Arrowood for defendant-appellant.*

GREENE, Judge.

Horace Darrell Misenheimer (defendant) appeals from the trial court's 1 August 1995 Judgment and Commitment, sentencing him to a minimum of eighty (80) months and maximum of one hundred five (105) months in prison for habitual impaired driving, in violation of N.C. Gen. Stat. § 20-138.5, driving while license revoked, in violation of N.C. Gen. Stat. § 20-28, and being an habitual felon, in violation of N.C. Gen. Stat. § 14-7.1.

Defendant was charged with driving while license revoked on 1 April 1995 and indicted for felony habitual impaired driving, for facts arising out of the 1 April charge, and being an habitual felon on 30 May 1995. The felony habitual driving indictment alleged three offenses involving impaired driving; (1) habitual impaired driving on 8 September 1994, (2) habitual impaired driving on 29 July 1994, and (3) habitual impaired driving on 26 May 1993. The habitual felony indictment alleged three felony convictions; (1) sale of cocaine on 22 April 1992, (2) habitual impaired driving on 26 May 1993, and (3) habitual impaired driving on 8 September 1994. On 1 August 1995, after the conviction of habitual impaired driving and prior to the submission of the habitual felon issue to the jury, defendant made a motion for the trial court to dismiss the indictment for habitual felon, because it was predicated upon the same crimes which had previously been used to convict defendant of habitual impaired driving.

---

The issue is whether N.C. Gen. Stat. § 14-7.6 prohibits a defendant's felony sentence from being enhanced on the grounds that he is an habitual felon when elements necessary to prove that he is an habitual felon are the same as those elements which were used to support the underlying felony, for which defendant is being sentenced.

Section 14-7.6 provides that an habitual felon be "sentenced as a Class C felon" and that "[i]n determining the prior record level [under the Structured Sentencing Act], convictions used to establish a person's status as an habitual felon shall not be used." N.C.G.S. § 14-7.6 (Supp. 1995). Under our Structured Sentencing Act, a defendant's prior record level is used to increase the presumptive range of a sentence that a felon will receive. N.C.G.S. § 15A-1340.17 (Supp. 1995). The defendant may then be sentenced outside of the presumptive range, if the trial court determines aggravating or mitigating factors exist. Id. Thus, the legislature has provided, in section 14-7.6, that a

defendant shall not have his felony level enhanced to Class C on the grounds he is an habitual felon and also be placed in a higher presumptive range because of his prior record level, when the increased presumptive range is based upon the same convictions which make him an habitual felon.

Although we agree that the offenses of habitual driving on 26 May 1993 and 8 September 1994, which were used to establish defendant's status as an habitual felon, were elements of the habitual impaired driving conviction for which defendant was sentenced, *see* N.C.G.S. § 20-138.5 (Supp. 1995), the legislature has not prohibited the use of these offenses in establishing a defendant's status as an habitual felon. N.C.G.S. § 14-7.1 (1993). In this case, defendant was convicted of habitual impaired driving, which is a Class G felony. N.C.G.S. § 20-138.5. Defendant was then adjudicated an habitual felon, to be sentenced as a Class C felon. N.C.G.S. § 14-7.6. Only at this point, at sentencing, does the legislative prohibition in section 14-7.6 apply. Defendant has not argued and indeed, the record does not show, that his prior record level was established by using convictions necessary to adjudge him an habitual felon. Thus, there was no violation of the legislative prohibition in section 14-7.6 as defendant argues.

Affirmed.

Judges MARTIN, John C., and WALKER concur.