STATE OF NORTH CAROLINA v. JAMES ALLEN SMITH

No. COA99-573

(Filed 1 August 2000)

**1. Sentencing— habitual felon—habitual misdemeanor assault—substantive offense**

The trial court did not err by sentencing defendant as an habitual felon under N.C.G.S. § 14-7.1 in cases 98 CRS 3061 and 3062 in which defendant was convicted of two counts of habitual misdemeanor assault under N.C.G.S. § 14-33.2, because habitual misdemeanor assault is a substantive offense rather than merely a status for purposes of sentence enhancement, and therefore, can be used as one of the three felonies required to support an habitual felon conviction.

**2. Assault— habitual misdemeanor—no ex post facto violation**

The trial court did not violate the prohibition against ex post facto laws by convicting defendant of habitual misdemeanor assault under N.C.G.S. § 14-33.2 even though some of the misdemeanors used to support the conviction occurred prior to the effective date of the statute, because the habitual misdemeanor assault statute does not impose punishment for previous crimes, but imposes an enhanced punishment for behavior occurring after the enactment of the statute based on the repetitive nature of such behavior.

**3. Constitutional Law— effective assistance of counsel—failure to object to alleged improper question—evidence already adduced**

Although defendant argues he received ineffective assistance of counsel based on his trial counsel's failure to object to an allegedly improper question posed by the prosecutor during the direct examination of the victim allowing the admission of evidence without which the State could not have obtained the convictions for habitual misdemeanor assault, a review of the transcript reveals that the incriminating evidence had in fact been given earlier by the witness.

**4. Constitutional Law— effective assistance of counsel—failure to request jury instruction on disorderly conduct**

Defendant did not receive ineffective assistance of counsel in an habitual misdemeanor assault case based on his trial counsel's

STATE v. SMITH

[139 N.C. App. 209 (2000)]

failure to submit a written request for a jury instruction as required by N.C.G.S. § 15A-1231 on the issue of misdemeanor disorderly conduct under N.C.G.S. § 14-288.4, because: (1) disorderly conduct is not a lesser included offense of any charge for which defendant was on trial; and (2) even if defense counsel submitted a written request for the instruction, it is unlikely the request would have been granted or that a different result would have been reached.

**5. Assault— on a female—motion to dismiss**

The trial court did not err by failing to grant defendant's motion to dismiss the charge of assault on a female under N.C.G.S. § 14-33(c)(2), because the evidence viewed in the light most favorable to the State reveals that there was substantial evidence from which a jury could determine defendant's guilt or innocence based on the alleged victim's testimony that defendant hit the victim across the chest.

**6. Criminal Law— defendant's removal from courtroom—failure to instruct—harmless error**

Although the trial court erred by failing to instruct the jurors according to N.C.G.S. § 15A-1032(b)(2) that defendant's removal from the courtroom during trial was not to be considered in weighing evidence or determining the issue of guilt, there was no reasonable probability that a different result would have been reached had the required instruction been given based on the facts that: (1) defendant's outbursts occurred after the jury had already returned verdicts finding defendant guilty of injury to property, communicating threats, and two counts of assault on a female; (2) the only issue left for determination by the jury was defendant's guilt or innocence of having attained the status of an habitual felon; and (3) the evidence with respect to the remaining issue was clear and undisputed.

**7. Appeal and Error— preservation of issues—failure to cite authority**

Although defendant contends the trial court erred by refusing to instruct the jury on disorderly conduct, this argument is deemed abandoned based on defendant's failure to cite any reason or authority as required by N.C. R. App. P. 28(b)(5).

STATE v. SMITH

[139 N.C. App. 209 (2000)]

**8. Criminal Law— defendant's argument—request to show statute to jury—incorrect statement of law**

The trial court did not abuse its discretion under N.C.G.S. § 7A-97 by refusing to allow defendant to show the jury a copy of the habitual misdemeanor assault statute under N.C.G.S. § 14-33.2 and its effective date, in an attempt to argue that two of the offenses named in the indictment occurred prior to the enactment of the habitual misdemeanor assault statute and could not be considered in determining defendant's guilt, because: (1) the argument defendant wanted to make regarding N.C.G.S. § 14-33.2 was both incorrect and unrelated to the issues before the jury at that time; and (2) the use of offenses occurring before the effective date of N.C.G.S. § 14-33.2 to satisfy its elements is neither improper nor unconstitutional.

**9. Sentencing— prior record level**

The trial court did not err during a sentencing proceeding by determining that defendant's prior record level is level IV under N.C.G.S. § 15-1340.14(c)(4), because: (1) defendant was convicted of two separate offenses of assault on a female on 16 May 1994, and one of these convictions was used to establish defendant's guilt of habitual misdemeanor assault under N.C.G.S. § 14-33.2 while the other was applied as a point on his prior record level; and (2) even though there was insufficient evidence to show that defendant was on probation while he committed the current offenses and a prior record point was erroneously assessed, the error was harmless based on the fact that defendant already had nine prior record points.

Judge WYNN concurring.

Appeal by defendant from judgments entered 5 October 1998 by Judge Zoro J. Guice, Jr., in Henderson County Superior Court. Heard in the Court of Appeals 24 February 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Donald W. Laton, for the State.*

*Phillip T. Jackson for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from judgments entered upon his convictions of two counts of habitual misdemeanor assault, and being an habitual

felon. The evidence presented at trial tended to show that on 15 May 1998 defendant beat Karen Conard with his fists while Conard was on the ground outside the home of her neighbor, Susan Philipsheck. Conard's daughter, Kieyoundra McDowell, was standing behind defendant and pulling on his shirt while defendant was beating Conard and defendant then turned and hit McDowell.

Conard sought safety in the Philipsheck's house, where she was protected until defendant broke into the Philipsheck's home by kicking in the front door. Law enforcement officers arrived shortly thereafter; defendant surrendered and was arrested.

Defendant challenges his convictions of habitual misdemeanor assault and being an habitual felon and the sentences imposed upon those convictions by numerous assignments of error. We have carefully considered his arguments and find no error.

I.

Defendant first contends the trial court erred by sentencing him as an habitual felon under G.S. § 14-7.1 in cases 98 CRS 3061 and 3062, in which he was convicted of habitual misdemeanor assault. Defendant argues (1) the recently enacted habitual misdemeanor assault statute, G.S. § 14-33.2, does not constitute a substantive offense but merely confers a status onto defendant, (2) two of his past convictions could not be used to support the convictions under G.S. § 14-33.2 because they occurred prior to the enactment of that statute and to permit their use would violate the *ex post facto* prohibition contained in both the United States Constitution and the Constitution of North Carolina.

[1] Defendant first argues the habitual misdemeanor assault statute merely confers a status upon a defendant for the purpose of enhancing punishment and does not constitute a substantive offense. Therefore, defendant argues, a conviction of habitual misdemeanor assault may not be used as one of the three felonies required to support an habitual felon conviction. A close analysis of the precise wording of the habitual offender statutes in North Carolina reveals the intent of the Legislature that habitual misdemeanor assault be a substantive offense rather than merely a status for purposes of sentence enhancement.

G.S. § 14-33.2, the habitual misdemeanor assault statute, provides in pertinent part:

A person *commits the offense* of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33(c) or G.S. 14-34 and has been convicted of five or more prior misdemeanor convictions, two of which were assaults. A person convicted of violating this section is guilty of a Class H felony (emphasis added).

The language of this statute is very similar to that used in G.S. § 20-138.5, the habitual impaired driving statute, which provides in pertinent part:

(a) A person *commits the offense* of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense (emphasis added).

(b) A person convicted of violating this section shall be punished as a Class F felon . . . .

In contrast, G.S. § 14-7.1, the habitual felony statute, reads:

Any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof *is declared to be* an habitual felon (emphasis added).

Both the habitual misdemeanor assault statute and the habitual impaired driving statute declare that a person "commits the offense" if that person currently commits specified acts and has been convicted of a specified number of similar offenses in the past. The habitual felon statute, by contrast, provides only that a person is an habitual felon if he has been convicted of three felonies. G.S. § 14-33.2 and G.S. § 20-138.5 both describe the habitual conduct as an "offense," denoting that it is a substantive offense, while G.S. § 14-7.1 employs the phrase "declared to be" immediately before "habitual felon," denoting a status, rather than an offense. There is no reference in the habitual felon statute to any current behavior, thus imposing a status on defendant that would have consequences during the penalty phase of subsequent convictions. *See generally State v. Penland*, 89 N.C. App. 350, 365 S.E.2d 721 (1988).

In *State v. Priddy*, 115 N.C. App. 547, 445 S.E.2d 610, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994), we relied heavily on the Legislature's use of distinctive language in determining that the

Legislature intended the habitual impaired driving statute to affect more than a defendant's status at a sentencing hearing.

> Because G.S. § 14-7.1 simply defines certain persons to be habitual felons, who, as such, are subject to greater punishment for criminal offenses, our Supreme Court has held that being an habitual felon is not a crime and cannot support, standing alone, a criminal sentence. Rather, being an habitual felon is a status justifying an increased punishment for the principal felony. *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977).

> By contrast, the legislature chose the specific language to define the crime of habitual impaired driving as a separate felony offense, capable of supporting a criminal sentence. Thus, the legislature must not have intended to make habitual impaired driving solely a punishment enhancement status.

*Id.* at 549, 445 S.E.2d at 612. We find the reasoning articulated in *Priddy* equally applicable to the habitual misdemeanor assault statute, G.S. § 14-33.2. Thus, we hold the habitual misdemeanor statute to be a substantive offense.

[2] Even so, defendant argues that he was improperly convicted of habitual misdemeanor assault because some of the misdemeanors used to support the conviction occurred prior to the effective date of the statute. Defendant argues that to allow convictions prior to the effective date of G.S. § 14-33.2 to satisfy elements of the habitual misdemeanor assault charge violates the prohibition against *ex post facto* laws in both the United States Constitution, Art. I § 10, cl. 1, and the North Carolina Constitution, Art. I § 16, by increasing the penalty for these crimes after the offenses were committed. We disagree.

Noting the increased danger that a repeat offender poses to society, our Supreme Court has held that the habitual felon statute does not violate the prohibition against *ex post facto* laws because it does not punish defendant for his previous conduct, but rather for his current conduct to a greater degree, due to his previous similar offenses. *See State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985). Likewise, in *State v. Mason*, 126 N.C. App. 318, 488 S.E.2d 818 (1997), we determined that the violent habitual felon statute, G.S. § 14-7.7, withstood the same constitutional scrutiny. As the habitual misdemeanor assault statute similarly does not impose punishment for previous crimes, but imposes an enhanced punishment for behavior occurring after the enactment of the statute, because of the repetitive nature of

such behavior, we hold the habitual misdemeanor assault statute does not violate the prohibition on *ex post facto* laws.

## II.

[3] Next, defendant argues that he received ineffective assistance from his counsel during trial because his counsel failed to object to a question, elicited incriminating evidence from the victim on cross-examination, and failed to submit a proposed jury instruction in written form.

To establish ineffective assistance of counsel, "defendant must show that: (1) the counsel's performance fell below an objective standard of reasonableness as defined by professional norms and (2) the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error." *State v. Pretty*, 134 N.C. App. 379, 387, 517 S.E.2d 677, 683, *disc. review denied*, 351 N.C. 117, —— S.E.2d —— (1999). Defendant first argues his trial counsel's failure to object to an allegedly improper question posed by the prosecutor during the direct examination of the victim, combined with trial counsel's cross-examination of the victim, allowed the admission of evidence without which the State could not have obtained the conviction. Defendant bases this argument · on the assertion that prior to the prosecutor's allegedly improper question and the cross-examination by trial counsel, the incriminating evidence had yet to be adduced. However, a close inspection of the trial transcript reveals that the incriminating evidence in question had, in fact, been given earlier by the witness in response to the prosecutor's question: "Okay, what happened then?" Because the transcript does not substantiate defendant's arguments in support of these contentions, we reject them.

[4] Defendant further argues the result of his trial would have been different if his trial counsel had been prepared to submit a written request for a jury instruction on the issue of misdemeanor disorderly conduct. Defendant asserts that, had the requested instruction been given, the jury could have found defendant guilty of disorderly conduct instead of one or both counts of assault. We are not persuaded.

Defense counsel requested an instruction on the issue of defendant's guilt or innocence of misdemeanor disorderly conduct. The State argued in opposition that disorderly conduct was not a lesser included offense for any charge defendant was facing. Although the trial court stated the motion was denied "unless [defense counsel]

has something prepared and written out," we cannot assume the trial court would have granted defendant's request had the instruction been properly presented as required by G.S. § 15A-1231. Disorderly conduct, a violation of G.S. § 14-288.4, is not a lesser included offense of any charge for which defendant was on trial. Therefore, even if defense counsel had submitted a written request for the instruction, it is unlikely that the request would have been granted or that a different result would have been reached. This assignment of error is overruled.

### III.

**[5]** Defendant next assigns error to the trial court's failure to grant his motion to dismiss the charge of assault on a female against Kieyoundra McDowell. Defendant argues there was not substantial evidence to prove each element of the crime.

To survive a defendant's motion to dismiss a criminal charge, the State must offer substantial evidence of every essential element of the crime. *State v. Cross*, 345 N.C. 713, 483 S.E.2d 432 (1997). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 717, 483 S.E.2d at 434 (citation omitted). In ruling upon a motion to dismiss, all the evidence is considered in the light most favorable to the State, and the motion must be denied if there is substantial evidence of each element of the crime charged and that defendant was the perpetrator. *See State v. Jacobs*, 128 N.C. App. 559, 495 S.E.2d 757, *disc. review denied*, 348 N.C. 506, 510 S.E.2d 665 (1998); *State v. Allen*, 127 N.C. App. 182, 488 S.E.2d 294 (1997). Under G.S. § 14-33(c)(2), one commits assault on a female if he "[a]ssaults a female, he being a male person at least 18 years of age."

Ms. McDowell, who is a female, testified defendant, a male over age 18, "hit me across the chest . . . ." This evidence viewed in the light most favorable to the State presents substantial evidence from which a jury could determine whether defendant was guilty or not guilty of assault on a female. This assignment of error is overruled.

### IV.

**[6]** Defendant next assigns error to the trial court's decision to remove him from the courtroom during trial. Defendant further argues that the trial court erred in failing to give an appropriate instruction warning the jury not to consider defendant's removal in making their determination as to his guilt or innocence.

"A trial judge, after warning a defendant whose conduct is disrupting his trial, may order the defendant removed from the trial if he continues conduct which is so disruptive that the trial cannot proceed in an orderly manner." N.C. Gen. Stat. § 15A-1032(a) (1999). "A defendant removed from the courtroom must be given the opportunity of learning of the trial proceedings through his counsel at reasonable intervals as directed by the court and must be given opportunity to return to the courtroom during the trial upon assurance of his good behavior." *State v. Callahan*, 93 N.C. App. 579, 583, 378 S.E.2d 812, 814, *disc. review denied*, 325 N.C. 274, 384 S.E.2d 521 (1989).

Defendant made two outbursts during the State's presentation of evidence regarding the charge of habitual felon. After the first outburst, the trial court warned defendant not to speak out of turn again. After defendant again disrupted the trial and verbally abused persons in the courtroom, the trial court made the appropriate findings of fact and conclusions of law and ordered that defendant be removed from the courtroom. Defendant was allowed to return to the courtroom for his sentencing hearing the following Monday and his counsel was permitted to consult with him during the portion of the trial from which defendant was excluded. The trial court, however, failed to comply with the requirements of G.S. § 15A-1032(b)(2) which provides: "If the judge orders a defendant removed from the courtroom, he must . . . (2) [i]nstruct the jurors that the removal is not to be considered in weighing evidence or determining the issue of guilt." This omission was error.

Not every error, however, warrants a new trial. *See State v. Ginyard*, 334 N.C. 155, 431 S.E.2d 11 (1993). An error is considered harmful when there is a reasonable probability that without the error a different result would have occurred. N.C. Gen. Stat. § 15A-1443(a). Defendant's outbursts occurred after the jury had already returned verdicts finding defendant guilty of injury to real property, communicating threats, and two counts of assault on a female. The only issue left for determination by the jury was defendant's guilt or innocence of having attained the status of an habitual felon. The evidence with respect to the issue consisted of proof, through three exhibits, that defendant had been previously convicted of second degree arson, assault with a deadly weapon inflicting serious injury, and habitual misdemeanor assault. The exhibits were comprised of transcripts of the pleas and judgments as to each of the offenses. Given the clear and undisputed nature of the evidence before the jury, it is difficult to imagine that defendant's outburst and subsequent removal had any

effect on the determination of his guilt or innocence of being an habitual felon. Under these narrow circumstances, we do not find any reasonable probability that a different result would have been reached had the required instruction been given. Accordingly, this assignment of error is overruled.

## V.

**[7]** Defendant's next assignment of error, directed to the trial court's refusal to instruct the jury on disorderly conduct, is deemed abandoned for his failure to cite any reason or authority in support thereof. N.C.R. App. P. 28(b)(5). In any event, disorderly conduct is not a lesser included offense of any offense with which defendant was charged.

## VI.

**[8]** Defendant next assigns error to the trial court's refusal to allow him to show the jury a copy of G.S. § 14-33.2, including its effective date. Defendant contends that he should have been permitted to argue that because two of the offenses named in the indictment occurred prior to the enactment of the habitual misdemeanor assault statute, they should not have been considered in determining the issue of defendant's guilt on this charge.

Control of jury arguments is within the trial court's discretion, *State v. Parker*, 350 N.C. 411, 516 S.E.2d 106 (1999), *cert. denied*, 528 U.S. 1084, 145 L.Ed.2d 681 (2000), and the decisions of the trial court "will not be disturbed 'in the absence of [a] gross abuse of discretion.' " *State v. Little*, 126 N.C. App. 262, 268, 484 S.E.2d 835, 838 (1997) (citations omitted). G.S. § 7A-97 states in pertinent part that "[i]n jury trials the whole case as well of law as of fact may be argued to the jury." The statute is permissive in allowing the law to be argued to juries, but presents no mandatory requirement that, upon request by defendant, he be allowed to argue his version of the law. The permissive nature of G.S. § 7A-97 comports with the wide discretion that trial courts have in controlling the arguments presented by counsel. *See generally Parker, supra; Little, supra.*

Moreover, the argument defendant wished to make regarding G.S. § 14-33.2 was both incorrect and unrelated to the issues before the jury at that time.

Counsel may, in his argument to the jury, . . ., read or state to the jury a statute or other rule of law relevant to such case, . . . .

He may not, however, state the law incorrectly . . . . Nor may counsel argue to the jury that the law ought to be otherwise, . . . and, therefore, the jury should find the defendant not guilty of the offense charged but should find him guilty of a lesser offense or acquit him entirely.

*State v. Britt*, 285 N.C. 256, 273, 204 S.E.2d 817, 829 (1974). As explained above, the use of offenses occurring before the effective date of G.S. § 14-33.2 to satisfy its elements is neither improper nor unconstitutional. Therefore, the trial court properly exercised its discretion in thus limiting defendant's argument to the jury and this assignment of error is overruled.

## VII.

**[9]** Finally, defendant assigns error to the sentencing proceeding. The trial court determined defendant's prior record level to be level IV, based upon its finding that he had ten prior record points. The point range for level IV is nine to fourteen points. N.C. Gen. Stat. § 15-1340.14(c)(4). Defendant takes issue with two of the ten points found by the trial court and contends the trial court should have determined his prior record points to be eight and, therefore, his prior record level to be level III.

With respect to one of the prior record points, defendant contends a 16 May 1994 conviction of assault on a female was used to support his convictions of habitual misdemeanor assault and could not, therefore, also be used to establish his prior record level. *See* N.C. Gen. Stat. § 14-7.6 (conviction used to establish status as habitual felon may not be used to determine prior record level); *State v. Misenheimer*, 123 N.C. App. 156, 472 S.E.2d 191, *disc. review denied*, 344 N.C. 441, 476 S.E.2d 128 (1996). However, a close examination of the record reveals there was evidence that defendant was convicted of two separate offenses of assault on a female on 16 May 1994; one of these convictions was used to establish defendant's guilt of habitual misdemeanor assault under G.S. § 14-33.2, and the other conviction was applied as a point on his prior record level.

As to the other prior record point contested by defendant, he contends there was insufficient evidence to show that he was on probation when he committed the current offenses, and that the prior record point assessed by reason thereof was error. Our review of the evidence reveals no proof with respect to defendant's probationary status at the time of the offenses in the present cases, thus we must

agree that the point was erroneously assessed. However, because defendant was correctly found to have nine prior record points, the erroneous finding of a tenth point based on his probationary status was harmless and defendant was correctly determined to have a prior record level of IV.

We have considered and find no merit in defendant's argument that the trial court's remarks after the verdict showed an incapacity to accord defendant an impartial sentencing hearing; we find no abuse of discretion in the imposition of consecutive sentences. Defendant's assignments of error with respect to his sentencing proceeding are overruled.

Defendant's remaining assignments of error, which were not argued in his brief, are deemed abandoned. N.C.R. App. P. 28(a), 28(b)(5).

No error.

Judge HUNTER concurs.

Judge WYNN concurs in a separate opinion.

Judge WYNN concurring.

I join in the majority opinion and concur that the habitual misdemeanor assault statute creates a substantive felony offense. This conclusion is based upon similarities between the habitual misdemeanor assault statute and the habitual impaired driving statute, and upon this court's holding in *State v. Priddy* that the habitual impaired driving statute creates a substantive felony offense as opposed to a status offense. *State v. Priddy*, 115 N.C. App. 547, 445 S.E.2d 610, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994).

The habitual misdemeanor assault statute and the habitual impaired driving statute are unusual in nature in that they both purport to create a substantive recidivist felony out of conduct which would otherwise constitute a misdemeanor. For that reason, I find it prudent to take the analysis a step further to address whether a conviction under N.C. Gen. Stat. § 14-33.2 (1996) for habitual misdemeanor assault will properly serve to support an ancillary indictment under the Habitual Felons Act, N.C. Gen. Stat. §§ 14-7.1 *et seq.* (1993), to adjudge the defendant an habitual felon. As to the habitual impaired driving statute, this court has previously addressed this

question in *State v. Baldwin*, 117 N.C. App. 713, 453 S.E.2d 193, *cert. denied*, 341 N.C. 653, 462 S.E.2d 518 (1995), in which we held that "a conviction for [habitual impaired driving] may serve as the basis for enhancement to habitual felon status." *Id.* at 716, 453 S.E.2d at 194. Analogizing the habitual misdemeanor assault statute and the habitual impaired driving statute again allows a similar conclusion that a conviction under N.C.G.S. § 14-33.2 will indeed support an ancillary indictment under the Habitual Felons Act to adjudge the defendant an habitual felon.

However, neither this court nor our Supreme Court has directly addressed the constitutionality of either the habitual misdemeanor assault statute or the habitual impaired driving statute. In concluding that the habitual misdemeanor assault statute survives constitutional scrutiny, the majority relies upon our Supreme Court's determination of the constitutionality of the Habitual Felons Act in *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985). While I believe that this analysis and outcome is proper given the current state of our case law, I am concerned that we may be, in a sense, comparing apples and oranges.

In *Todd*, our Supreme Court held that the Habitual Felons Act comports with constitutional guarantees of due process and equal protection. 313 N.C. at 117, 362 S.E.2d at 253 (*citing Rummell v. Estelle*, 445 U.S. 263, 63 L. Ed. 2d 382 (1980); *Spencer v. Texas*, 385 U.S. 554, 17 L. Ed. 2d 606 (1967)). In addition, the United States Supreme Court has long upheld such statutes in the face of challenges that they violate constitutional prohibitions against double jeopardy and *ex post facto* laws, reasoning that the defendant is being prosecuted for the present crime charged (rather than being punished again for the prior crimes), and that the punishment upon conviction for the present crime may be enhanced based on the previous convictions. *See, e.g., Gryger v. Burke*, 334 U.S. 728, 92 L. Ed. 1683 (1948).

Our reliance on such logic to establish the constitutionality of the habitual misdemeanor assault statute is troublesome given our efforts in the majority opinion to establish the following important distinction: That the Habitual Felons Act creates a status offense (which will *not* independently support a criminal sentence) and the habitual misdemeanor assault statute creates a substantive offense (which will). With respect to the Habitual Felons Act, the defendant's prior convictions must be proven by the state in the sentencing phase, but arguably are not true elements of the offense (given that they are

relevant only to the sentencing for the underlying principal felony). With respect to the habitual misdemeanor assault statute, however, the defendant's prior convictions are, by statute, essential elements of the substantive offense, which offense will independently support a criminal sentence. The question arises whether the habitual misdemeanor assault statute, which is dependent on elements consisting of prior convictions, is constitutional given this distinction. The same question may be asked of the habitual impaired driving statute. Since our Supreme Court has never directly addressed this issue, perhaps this case will present an opportunity for it to do so.