**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-4913**

───────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DEVON SHERMAIN WALKER, a/k/a Devon Sherman Walker,

            Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:07-cr-00077-WLO)

───────────────

Submitted:  September 10, 2008      Decided:  September 25, 2008

───────────────

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Devon Shermain Walker pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2008). At sentencing, the district court found that Walker's prior convictions classified him as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e) ("ACCA"). Walker was sentenced to a term of 180 months' imprisonment. Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

Walker claims the district court erred in classifying him as an armed career criminal. A defendant qualifies as an armed career criminal under 18 U.S.C.A. § 924(e)(1) if he has three prior

2

convictions for a violent felony or serious drug offense.  In determining whether a crime is a violent felony within the meaning of the ACCA, the offense is considered generically in terms of how the law defines it and not in terms of how an individual offender might have committed the offense on a particular occasion.  18 U.S.C.A. § 924(e)(1), (e)(2)(B); Begay v. United States, 128 S. Ct. 1581, 1584 (2008).  Walker concedes he has two qualifying violent felony convictions, but he contests the use of a 2005 North Carolina felony conviction for Habitual Misdemeanor Assault as the third qualifying offense.  See N.C. Gen. Stat. § 14-33.2 (2005).[1]

Walker argues that N.C. Gen. Stat. § 14-33.2 is a recidivist felony and not a violent felony for the purposes of the ACCA enhancement.[2]  However, "an offense committed by a repeat offender is often thought to reflect greater culpability and thus to merit greater punishment.  Similarly, a second or subsequent offense is often regarded as more serious because it portends greater future danger and therefore warrants an increased sentence for purposes of deterrence and incapacitation."  United States v. Rodriguez, 128 S. Ct. 1783, 1789 (2008).  The Supreme Court in

---

[1]Walker pled guilty to N.C. Gen. Stat. § 14-33.2 after he committed three misdemeanor assaults.

[2]Although N.C. Gen. Stat. § 14-33.2 states that convictions pursuant to that statute "shall not be used as a prior conviction for any other habitual offense statute," federal law governs whether a particular state conviction is a qualifying predicate offense under the ACCA.  18 U.S.C. § 921(a)(20) (2000).

3

Rodriguez rejected the argument that a defendant is punished under federal law for being treated as a recidivist under state law, noting that "ACCA is itself a recidivist statute." Id. In addition, N.C. Gen. Stat. § 14-33.2 is not a sentencing enhancement but a substantive felony offense. See State v. Smith, 533 S.E.2d 518, 520 (N.C. App. 2000). We thus conclude the district court did not err when it classified Walker as an armed career criminal under the ACCA.

Accordingly, we affirm Walker's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED